**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Geiger, et al., | No. CV-18-01443-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| Creative Impact Incorporated, et al., | |
| Defendants. | |

Pending before the Court is the parties' joint motion for a protective order seeking to mark as confidential the parties' "business records" and "financial records." (Doc. 29-1 at 1-2).

Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party to requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm."

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Here, the parties make no argument or showing as to what these documents would include, nor why they would be entitled to protection. Accordingly, they have failed to show they are entitled to a protective order under Rule 26(c). Therefore,

**IT IS ORDERED** that stipulated motion for a protective order (Doc. 29) is denied without prejudice.

Dated this 2nd day of April, 2019.

James A. Teilborg
Senior United States District Judge